# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE

SHERI BUTLER BROCKINGTON, on
behalf of herself and others similarly situated,

    Plaintiff,

v.

COUNTRYSIDE RENTALS, INC.

    Defendant.

:
:
: CIVIL ACTION FILE NO. 3:26-cv-00249-
: KAC-DCP
:
:
:
:
:
:
:

**PLAINTIFF'S OPPOSITION TO THE DEFENDANT'S MOTION TO DISMISS**

**TABLE OF CONTENTS**

INTRODUCTION...........................................................................................................................1

BACKGROUND ..........................................................................................................................2

ARGUMENT................................................................................................................................4

    1.    By Directing the Calls to Ms. Brockington, a Tennessee Resident, While she was in Tennessee, the Defendant is Subject to Specific Personal Jurisdiction................................4

CONCLUSION ..........................................................................................................................14

**Cases**

*Abramson v. Agentra, LLC*,
No. 18-615, 2018 U.S. Dist. LEXIS 212285 (W.D. Pa. Dec. 18, 2018) ............................... 7, 9

*Abramson v. CWS Apt. Homes, LLC*,
No. 16-426, 2016 U.S. Dist. LEXIS 146627 (W.D. Pa. Oct. 24, 2016) ................................. 7, 9

*Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.*,
503 F.3d 544 (6th Cir. 2007) ...................................................................................... 13

*AlixPartners, LLP v. Brewington*,
836 F.3d 543 (6th Cir. 2016) ........................................................................................ 6

*Asahi Metal Indus. Co. v. Superior Court*,
480 U.S. 102 (1987) ..................................................................................................... 13

*Ayers v. Receivables Performance Mgmt., L.L.C.*,
2016 U.S. Dist. LEXIS 132875 (E.D. Mi. 2016) ........................................................ 12

*Baker v. Carribean Cruise Line, Inc.*,
No. CV 1308246-PCT-PGR, 2014 U.S. Dist. LEXIS 28960 (D. Ariz. Mar. 6, 2014) ........... 7, 9

*Baskin v. Pierce & Allred Constr., Inc.*,
676 S.W.3d 554 (Tenn. 2022) ..................................................................................... 11

*Bird v. Parsons*,
289 F.3d 865 (6th Cir. 2002) ......................................................................................... 4

*Bridgeport Music, Inc. v. Still N The Water Pub.*,
327 F.3d 472 (6th Cir. 2003) ......................................................................................... 5

*Burger King Corp. v. Rudzewicz*,
471 U.S. 462 (1985) ....................................................................................................... 4

*CompuServe, Inc. v. Patterson*,
89 F.3d 1257 (6th Cir. 1996) ..................................................................................... 5, 6

*Cunningham v. Select Student Loan Help, LLC*,
2016 U.S. Dist. LEXIS 175877 (2016) ....................................................................... 12

*Heidorn v. BDD Mktg. & Mfg. Co., LLC*,
No. C-13-00229 JCS, 2013 U.S. Dist. LEXIS 177166 (N.D. Cal. Aug. 19, 2013) ..................... 8

*Hicks v. Health Ins. Innovations, Inc.*,
No. 17-3344, 2017 U.S. Dist. LEXIS 214098 (D.N.J. Dec. 20, 2017) .................................... 10

*Keeton v. Hustler Magazine*,
465 U.S. 770 (1984)...................................................................................................... 6

*Keim v. ADF MidAtlantic, LLC*,
199 F. Supp. 3d 1362 (S.D. Fla. 2016) ........................................................................ 9

*Luna v. Shac, LLC*,
No. C14-00607 HRL, 2014 U.S. Dist. LEXIS 96847 (N.D. Cal. July 14, 2014)....................... 8

*Michaels v. Micamp Merch. Servs.*,
No. 13-191, 2013 U.S. Dist. LEXIS 159782 (W.D. Pa. Nov. 8, 2013).................................. 10

*Miller v. AXA Winterthur Ins. Co.*,
694 F.3d 675 (6th Cir. 2012) ........................................................................................ 4

*Mucha v. Wagner*,
378 N.C. 167 (2021) ...................................................................................................... 10

*Naiman v. TranzVia LLC*,
No. 17-CV-4813-PJH, 2017 U.S. Dist. LEXIS 199131 (N.D. Cal. Dec. 4, 2017)..................... 8

*Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co., Ltd.*,
91 F.3d 790 (6th Cir. 1996) .......................................................................................... 6

*Neal v. Janssen*,
270 F.3d 328 (6th Cir. 2001) ........................................................................................ 6

*Neogen Corp. v. Neo Gen Screening, Inc.*,
282 F.3d 883 (6th Cir. 2002) ........................................................................................ 5

*Ott v. Mortg. Inv'rs Corp.*,
No. 3:14-CV-00645-ST, 2015 WL 1648702 (D. Or. Apr. 14, 2015) .................................... 9

*Payton v. Kale Realty, LLC*,
No. 13-8002, 2014 U.S. Dist. LEXIS 118590 (N.D. Ill. Aug. 26, 2014) ............................... 10

*Serras v. First Tennessee Bank Nat. Ass'n*,
875 F.2d 1212 (6th Cir. 1989) ...................................................................................... 5

*Shelton v. National Gas & Electric, LLC*,
2019 WL 1506378 (E.D. Pa. Apr. 5, 2019) .................................................................... 11

*Theunissen v. Matthews*,
935 F.2d 1454 (6th Cir. 1991) ...................................................................................... 5

*Third Nat. Bank in Nashville v. WEDGE Grp. Inc.*,
   882 F.2d 1087 (6th Cir. 1989) ................................................................................... 13, 14

*Vandenberg & Sons Furniture, Inc. v. Katchen*,
   2013 U.S. Dist. LEXIS 18459 (W.D. Mich. Feb. 12, 2013)...................................................... 11

*Vlach v. Yaple*,
   670 F. Supp. 2d 644 (N.D. Ohio 2009)................................................................................ 14

*Walden v. Fiore*,
   571 U.S. 277 (2013)........................................................................................................ 10

*Youn v. Track, Inc.*,
   324 F.3d 409 (6th Cir. 2003) ........................................................................................... 12

**Statutes and Rules**

Fed. R. Civ. P. 12(b)(2)................................................................................................... 3, 5

E.D. Tenn. L.R. 3.1.2 ....................................................................................................... 3

## INTRODUCTION

Defendant's Motion asks the Court to resolve disputed jurisdictional facts in its favor based solely on an affidavit submitted by its own corporate representative. That is not the standard. At this preliminary stage, where the Court has not conducted an evidentiary hearing or permitted jurisdictional discovery, Plaintiff need only make a prima facie showing of personal jurisdiction, and all pleadings, affidavits, and reasonable inferences must be construed in Plaintiff's favor.

Plaintiff has done exactly that. Defendant intentionally sent multiple unsolicited telemarketing text messages that form the basis of this action directly to Plaintiff, whose telephone number has a Tennessee, while she was residing in Tennessee. As Plaintiff's accompanying Declaration establishes, Plaintiff has lived in Tennessee for more than ten years, received each of the text messages while at her home in Tennessee, used the telephone number exclusively for personal purposes, had never heard of Defendant before receiving the messages, never requested information from Defendant, never provided Defendant with her telephone number, never consented to receive telemarketing messages from Defendant, and has never lived in Ohio. Defendant's unsolicited telemarketing messages therefore caused the precise injury that the Telephone Consumer Protection Act was enacted to prevent in the very forum where Plaintiff experienced that injury.

Rather than dispute that it intentionally sent the text messages, Defendant argues that it mistakenly believed Plaintiff's telephone number belonged to another individual who had previously contacted Defendant in Ohio. Even accepting that assertion for purposes of this Motion, it does not deprive this Court of personal jurisdiction. Defendant admittedly chose to initiate the communications that gave rise to this lawsuit. Whether Defendant ultimately

possesses a merits defense based upon alleged prior consent or a reassigned telephone number has no bearing on whether Defendant purposefully directed the conduct giving rise to Plaintiff's claims to a Tennessee phone number in Tennessee. Personal jurisdiction turns on Defendant's own contacts with the forum giving rise to the litigation, not on whether Defendant correctly identified the recipient of its telemarketing campaign.

Nor may Defendant defeat personal jurisdiction merely by submitting an affidavit contradicting Plaintiff's jurisdictional allegations. Sixth Circuit precedent is clear that, absent an evidentiary hearing, factual disputes must be resolved in Plaintiff's favor and dismissal is inappropriate so long as Plaintiff establishes a prima facie basis for jurisdiction. Plaintiff's Declaration eliminates any doubt that the operative events occurred in Tennessee: Plaintiff was a Tennessee resident, she received and read the text messages while in Tennessee, and the alleged invasion of privacy occurred in Tennessee. Those facts are sufficient to establish specific personal jurisdiction over Defendant for claims arising directly from those communications.

Because Defendant purposefully directed the conduct underlying Plaintiff's TCPA claim into Tennessee, because Plaintiff's claims arise directly from those contacts, and because exercising jurisdiction is entirely consistent with traditional notions of fair play and substantial justice, Defendant's Motion to Dismiss should be denied.

## BACKGROUND

Plaintiff filed this action under the Telephone Consumer Protection Act ("TCPA"), alleging that Defendant sent multiple unsolicited telemarketing text messages to Plaintiff's cellular telephone number despite that number's registration on the National Do Not Call Registry. Plaintiff alleges that Defendant's text messages advertised its rental goods and services and were sent without Plaintiff's consent.

2

Defendant has moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2), arguing that this Court lacks personal jurisdiction because Defendant allegedly believed Plaintiff's telephone number belonged to another individual who had previously contacted Defendant in Ohio. In support of its Motion, Defendant relies principally upon the Affidavit of its President, Michael Tissot, who asserts that Defendant did not know it was contacting a Tennessee resident when it transmitted the text messages.

Defendant's Motion also asks, in a footnote, that this action be reassigned from the Northern Division to the Southern Division of this District under E.D. Tenn. L.R. 3.1.2. Plaintiff does not oppose intra-district assignment to whichever Division the Local Rules identify as appropriate and does not object to the Court addressing that administrative, non-merits question as it deems fit. That request is separate from, and has no bearing on, whether this Court possesses personal jurisdiction over Defendant, and it provides no basis for dismissal of this action.

Plaintiff submits the accompanying Declaration to address the jurisdictional facts raised by Defendant's Motion. As set forth in her Declaration, Plaintiff has lived in Tennessee for more than ten years and was residing in Tennessee when she received each of the text messages at issue. *See* Exhibit 1, Brockington Decl. ¶¶ 3-4, 10. Plaintiff further confirms that she received and read each of the text messages while physically present at her home in Hixson, Tennessee. Id. ¶ 11. Plaintiff's Declaration further establishes that the telephone number at issue has been her personal cellular telephone number since she acquired it in December 2023, that she has continuously used the number since that time, that it is used solely for personal purposes, and that it is not associated with any business. Id. ¶¶ 5-8. Finally, Plaintiff's Declaration directly refutes Defendant's assertion that Plaintiff had any prior relationship with Defendant. Plaintiff had never heard of Countryside Rentals before receiving the text messages, had never visited one

3

of Defendant's locations, had never requested information from Defendant, had never provided Defendant with her cellular telephone number, had never consented to receive telemarketing text messages from Defendant, had never lived in Ohio, and does not know anyone named "Brittney" who previously used her cellular telephone number. Id. ¶¶ 12-19.

## ARGUMENT

**1. By Directing the Calls to Ms. Brockington, a Tennessee Resident, while she was in Tennessee, the Defendant is Subject to Specific Personal Jurisdiction**

As a threshold matter, Plaintiff does not contend that this Court possesses general personal jurisdiction over Defendant, and this Opposition does not address that question. This Opposition establishes only that the Court possesses specific personal jurisdiction over Defendant, which is all that Plaintiff's claim requires.

A defendant that has accepted the privileges of directing business at the forum state has also accepted the burden of appearing before its courts, even if they have never physically entered the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985). Where, as here, "a federal court's subject matter jurisdiction over a case stems from the existence of a federal question, personal jurisdiction over a defendant exists if the defendant is amenable to service of process under the [forum] state's long-arm statute and if the exercise of personal jurisdiction would not deny the defendant due process." *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002).

"Personal jurisdiction may be found either generally or specifically.*" Miller v. AXA Winterthur Ins. Co.,* 694 F.3d 675, 678 (6th Cir. 2012). "For specific jurisdiction to exist in a diversity case, two factors must be satisfied: the forum state long-arm statute, and constitutional due process." Id. at 679. Tennessee's long-arm statute "has been interpreted as coterminous with

the limits on personal jurisdiction imposed by the due process clause." *Bridgeport Music, Inc. v. Still N The Water Pub.,* 327 F.3d 472, 477 (6th Cir. 2003) (citation and quotation omitted). Accordingly, Ms. Brockington need only show that personal jurisdiction over the defendant with federal due process requirements. She has done so.

In deciding a Rule 12(b)(2) motion, a court may proceed in one of three ways: it may (1) decide the motion on the pleadings and supporting affidavits, (2) permit discovery to aid in deciding the motion, or (3) conduct an evidentiary hearing to resolve any apparent factual disputes. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). When a court considers a 12(b)(2) motion prior to discovery and without holding an evidentiary hearing, the plaintiff need only make a "*prima facie* showing that personal jurisdiction exists." *Serras v. First Tennessee Bank Nat. Ass'n*., 875 F.2d 1212, 1214 (6th Cir. 1989). This solely requires the plaintiff to demonstrate "with reasonable particularity" that the defendant's contacts with the forum state "support jurisdiction." *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002) (citation omitted). The Court should review the affidavits, pleadings, and related documents in the light most favorable to the plaintiff. *Id.* 935 F.2d at 1459.

The Court will not weigh any "controverting assertions" that Defendants may make in support of their motion, so as to prevent the avoidance of personal jurisdiction simply by filing affidavits that deny the jurisdictional facts a plaintiff asserts. *Id.* at 1459. Rather, "[d]ismissal in this procedural posture is proper only if all the specific facts which [Ms. Brockington] alleges collectively fail to state a prima facie case for jurisdiction." *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1261-62 (6th Cir. 1996). Thus, Defendant's affidavit cannot be credited over Plaintiff's competing Declaration at this stage of the proceedings. To the extent the parties' declarations conflict, those conflicts must be resolved in Plaintiff's favor.

Specific jurisdiction exists if the subject matter of the lawsuit arises out of or is related to the defendant's contacts with the forum. *See Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co., Ltd.*, 91 F.3d 790, 793 (6th Cir. 1996). In this case, only specific jurisdiction is applicable. The Sixth Circuit has consistently applied the following criteria to determine whether specific jurisdiction exists:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum to make the exercise of jurisdiction over the defendant reasonable.

*CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1263 (6th Cir. 1996).

Purposeful availment is "the constitutional touchstone of personal jurisdiction." *AlixPartners, LLP v. Brewington*, 836 F.3d 543, 550 (6th Cir. 2016). It exists "where the defendant's contacts with the forum state proximately result from actions by the defendant *himself* that create a substantial connection with the forum state . . . and where the defendant's conduct and connection with the forum are such that he should reasonably anticipate being haled into court there." *Id.* (internal quotations and citations omitted) (emphasis in original). Due to the "inescapable fact of modern commercial life that a substantial amount of business is transacted solely by mail and wire communications across state lines," a lack of physical presence in the state will not defeat jurisdiction "[s]o long as a commercial actor's efforts are 'purposefully directed' toward residents of another State." *Burger King*, 471 U.S. at 476 (quoting *Keeton v. Hustler Magazine*, 465 U.S. 770, 774-75, 104 S. Ct. 1473, 79 L. Ed. 2d 790 (1984)). "The acts of making phone calls and sending facsimiles into the forum, standing alone, may be sufficient to confer jurisdiction on the foreign defendant where the phone calls and faxes form the bases for the action." Neal v. Janssen, 270 F.3d 328, 332 (6th Cir. 2001).

6

Here, Defendant purposefully directed the precise conduct giving rise to this lawsuit into Tennessee. Plaintiff's Declaration establishes that she has lived in Tennessee for more than ten years, was residing in Tennessee when Defendant transmitted each of the text messages, and received and read each of those messages while physically present at her home in Hixson, Tennessee. *See* Brockington Decl. ¶¶ 3-4, 9-11. Defendant intentionally transmitted the telemarketing text messages at issue, and those messages invaded Plaintiff's privacy in Tennessee. Defendant's text messages themselves constitute the intentional acts giving rise to this litigation. The question is not whether Defendant intended to violate the TCPA, but whether Defendant intentionally performed the act of transmitting the communications that reached Plaintiff in Tennessee. Defendant does not dispute that it voluntarily initiated the text messages; it disputes only the identity of the intended recipient. That factual contention does not negate purposeful availment. That is sufficient to establish purposeful availment.

In TCPA cases, courts generally find that specific personal jurisdiction exists when a defendant sends a message into the forum state by targeting a phone number in that forum. *See, e.g., Abramson v. Agentra, LLC*, No. 18-615, 2018 U.S. Dist. LEXIS 212285, at \*12 (W.D. Pa. Dec. 18, 2018) ("At this juncture it is reasonable to infer from the allegations in the amended complaint that Agentra purposefully aimed its conduct at Pennsylvania by contacting directly Abramson's Pennsylvania mobile and residential telephone numbers."); *Abramson v. CWS Apt. Homes, LLC*, No. 16-426, 2016 U.S. Dist. LEXIS 146627, at \*6 (W.D. Pa. Oct. 24, 2016) (finding that plaintiff adequately alleged injury-in-fact under TCPA because he received automated calls in violation of TCPA); *Baker v. Carribean Cruise Line, Inc.*, No. CV 1308246-PCT-PGR, 2014 U.S. Dist. LEXIS 28960, 2014 WL 880634, at \*2 (D. Ariz. Mar. 6, 2014) ("[The] complaint in this case is sufficient to establish specific jurisdiction, based on the

7

allegation that Defendant made calls to Plaintiff's Arizona [cell phone] number and the fact that those calls are the basis for Plaintiff's claims."); *Naiman v. TranzVia LLC*, No. 17-CV-4813-PJH, 2017 U.S. Dist. LEXIS 199131, 2017 WL 5992123, at *9 (N.D. Cal. Dec. 4, 2017) (noting that defendant would be subject to personal jurisdiction if it had intentionally made unsolicited calls to plaintiff's cell phone, which had a California area code); *Luna v. Shac, LLC*, No. C14-00607 HRL, 2014 U.S. Dist. LEXIS 96847, 2014 WL 3421514, at *3 (N.D. Cal. July 14, 2014) (finding specific personal jurisdiction under the "effects test" because defendant intentionally sent unsolicited text messages directly to cell phones with California-based area codes and knew the alleged harm would likely be suffered in California); *Heidorn v. BDD Mktg. & Mfg. Co., LLC*, No. C-13-00229 JCS, 2013 U.S. Dist. LEXIS 177166, 2013 WL 6571629, at *8 (N.D. Cal. Aug. 19, 2013) (finding specific personal jurisdiction where defendant called, emailed, and operated a website that a California plaintiff used, and the plaintiff's claims arose out of those contacts).

Defendant attempts to distinguish these authorities by arguing that it allegedly believed Plaintiff's telephone number belonged to another individual. That argument misses the point. Personal jurisdiction turns on Defendant's own intentional conduct, not on whether Defendant correctly identified the recipient of its telemarketing campaign. Defendant intentionally chose to send the text messages that form the basis of this lawsuit. Whether Defendant ultimately possesses a defense based upon reassigned numbers or alleged prior consent goes to the merits of Plaintiff's TCPA claim—not to whether Defendant purposefully directed the conduct underlying that claim into Tennessee.

Defendant's position would effectively immunize telemarketers from suit whenever they claim they intended to contact someone else. But the Due Process Clause does not permit a

8

defendant to intentionally direct communications into a forum state, cause injury there, and then avoid jurisdiction simply because it allegedly misidentified the recipient. Defendant—not Plaintiff—selected the telephone number to which it transmitted its telemarketing messages. Having intentionally initiated those communications, Defendant cannot now disclaim the jurisdictional consequences of its own conduct merely because it allegedly believed the number belonged to someone else.

This is no surprise because in TCPA cases around the country courts find that specific personal jurisdiction exists when a defendant, or their agent, sends a message into the forum state by targeting a phone number with an area code that is associated with that forum. *See, e.g.*, *Abramson v. Agentra, LLC*, No. 18-615, 2018 U.S. Dist. LEXIS 212285, at *12 (W.D. Pa. Dec. 18, 2018) ("Agentra purposefully aimed its conduct at Pennsylvania by contacting directly Abramson's Pennsylvania mobile and residential telephone numbers."); *Abramson v. CWS Apt. Homes, LLC*, No. 16-426, 2016 U.S. Dist. LEXIS 146627, at *6 (W.D. Pa. Oct. 24, 2016) (holding allegations that defendant targeted Pennsylvania area codes sufficient); *Baker v. Carribean Cruise Line, Inc.*, No. CV 1308246-PCT-PGR, 2014 U.S. Dist. LEXIS 28960, 2014 WL 880634, at *2 (D. Ariz. Mar. 6, 2014) (holdings as sufficient for personal jurisdiction the allegation that "Defendant made calls to Plaintiff's Arizona [cell phone] number and the fact that those calls are the basis for Plaintiff's claims."); *Keim v. ADF MidAtlantic, LLC*, 199 F. Supp.3d 1362, 1370 (S.D. Fla. 2016) ("[M]ultiple courts have found calls or text messages to a phone number affiliated with a particular state that violate the TCPA sufficient to satisfy the effects test for a court of that state to exercise personal jurisdiction over the defendant."); *Ott v. Mortg. Inv'rs Corp.*, No. 3:14-CV-00645-ST, 2015 WL 1648702 (D. Or. Apr. 14, 2015) (denying motion to dismiss for lack of personal jurisdiction in a

9

class action brought under the TCPA where suit was brought where the telephone calls were received); *Payton v. Kale Realty, LLC*, No. 13-8002, 2014 U.S. Dist. LEXIS 118590, 2014 WL 4214917, at *3 (N.D. Ill. Aug. 26, 2014) (collecting cases).[1]

To that end, the contrary authorities cited by the Defendant are unpersuasive because none of those cases were TCPA cases where, as here, the Defendant sent messages into a telephone number associated with the forum state. Defendant's repeated reliance on *Walden* is misplaced. *Walden* involved conduct that occurred entirely outside the forum and did not involve communications intentionally transmitted into the forum itself. Here, by contrast, Defendant intentionally transmitted the very telemarketing text messages giving rise to this lawsuit into Tennessee. Unlike *Walden*, Defendant's own conduct—not merely Plaintiff's residence—created the connection between Defendant and this forum. Plaintiff's TCPA claim exists solely because Defendant intentionally initiated communications that Plaintiff received in Tennessee.

Defendant's reliance on *Mucha v. Wagner*, 378 N.C. 167 (2021), fares no better. That case is a decision of the North Carolina Supreme Court applying North Carolina's own due process framework; it is not binding authority in this Circuit or under Tennessee's long-arm statute, and Defendant cites no Sixth Circuit or Tennessee decision adopting its reasoning. In any event, *Mucha* addresses only the reliability of an area code as an *inference* of where a recipient was located.

---

[1] Further citations abound. *See, e.g., Hicks v. Health Ins. Innovations, Inc.*, No. 17-3344, 2017 WL 6764054, at *3, 2017 U.S. Dist. LEXIS 214098, at *4 (D.N.J. Dec. 20, 2017) (finding that New Jersey court lacked personal jurisdiction over TCPA defendant because plaintiff "merely maintains a cell phone with a New Jersey area code" and was not citizen of New Jersey, did not receive the calls in question in New Jersey, and did not allege that she suffered any harm in New Jersey); *Michaels v. Micamp Merch. Servs.*, No. 13-191, 2013 U.S. Dist. LEXIS 159782, 2013 WL 5970340 (W.D. Pa. Nov. 8, 2013) (finding Pennsylvania lacked personal jurisdiction over TCPA defendant because plaintiff was merely present in Pennsylvania when she received call in question, but was not Pennsylvania resident, did not have Pennsylvania phone number, and did not allege that defendant knew she was in Pennsylvania).

10

Plaintiff does not ask the Court to infer her location from her area code. Plaintiff's Declaration affirmatively establishes, from personal knowledge, that she was physically present in Hixson, Tennessee, when she received and read each of Defendant's text messages. *See* Brockington Decl. ¶¶ 10-11. Whatever force the area-code-inference concern in *Mucha* might carry in a case that depended on such an inference, it has none here, where actual physical presence in the forum is established by sworn testimony rather than assumed from a telephone number.

Defendant's citation to *Baskin v. Pierce & Allred Constr., Inc.*, 676 S.W.3d 554 (Tenn. 2022), is likewise distinguishable. Unlike the isolated, indirect contact at issue in *Baskin*, Defendant here directly transmitted the very communications giving rise to Plaintiff's claim into Tennessee, and Plaintiff's claim is not merely *related to* Defendant's Tennessee contact but consists entirely of it. To whatever extent *Baskin* observes that the proper inquiry focuses on the defendant's own relationship to the forum rather than the defendant's relationship to the plaintiff, that principle supports Plaintiff here: Defendant's own conduct in choosing to transmit telemarketing text messages to the number at issue is what created the connection to Tennessee, regardless of whom Defendant believed it was contacting.

And cutting to the heart of Defendant's due process argument, as the Court explained in Shelton, "Here, we need not decide which factors are dispositive because Plaintiff has demonstrated that he was a Pennsylvania resident when he received the call, was physically present in Pennsylvania, and has a Pennsylvania phone number. . . . Given Plaintiff's affidavit, credit card statement, and Pennsylvania area code, we need not engage in any further analysis." 2019 WL 1506378, at *7 (E.D. Pa. Apr. 5, 2019). Another Sixth Circuit Court has similarly held. *See e.g. Vandenberg & Sons Furniture, Inc. v. Katchen*, Case No. 1:12 CV 1021, 2013 U.S. Dist. LEXIS 18459, 2013 WL 504168 at *4 (W.D. Mich. Feb. 12, 2013)(One fax sent into Michigan

11

was "sufficient to trigger a federal cause of action under the TCPA" and constitutes purposeful availment.)

The next prong is whether the claims arise from or relate to the defendant's contact with the forum state. "The law of this circuit is that the 'arising from' requirement is satisfied if the cause of action is 'related to' or 'connected with' the defendant's forum contacts." *Youn v. Track, Inc.,* 324 F.3d 409, 419 (6th Cir. 2003). Indeed, as another Court in this circuit found in a TCPA case, "The other two prongs of the specific-jurisdiction test are satisfied as well. It is plain that both Ayers' FDCPA and TCPA claims arise out of RPM's calls. Indeed, RPM's calls are virtually the entire basis for those two causes of action." *Ayers v. Receivables Performance Mgmt., L.L.C.,* 2016 U.S. Dist. LEXIS 132875, *7-8 (E.D. Mi. 2016). Cases under the TCPA in Tennessee are in accord. *See Cunningham v. Select Student Loan Help, LLC*, 2016 U.S. Dist. LEXIS 175877, *13 (2016) ("As to the second element, this is easily satisfied as the claims in the instant lawsuit arise from the telephone calls allegedly placed to the Plaintiff in Tennessee.") So too here and the second prong is easily satisfied. Plaintiff's claims arise directly—and exclusively—from Defendant's transmission of unsolicited telemarketing text messages into Tennessee. Those communications are not merely related to Plaintiff's claims; they are the claims. Had Defendant not transmitted those text messages to Plaintiff while she was in Tennessee, there would be no lawsuit. Defendant argues that Plaintiff failed to allege where she received the text messages. Plaintiff's accompanying Declaration removes any doubt. Plaintiff confirms that she received and read each of Defendant's telemarketing text messages while physically present at her home in Hixson, Tennessee. See Brockington Decl. ¶¶ 10-11. Thus, the operative facts giving rise to this litigation occurred in Tennessee.

12

As for the third requirement, once the first two are met, a defendant "must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 554 (6th Cir. 2007). Indeed, "when minimum contacts have been established, often the interests of the plaintiff and the forum in the exercise of jurisdiction will justify even the serious burdens placed on the alien defendant." *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 114 (1987). Here, exercising jurisdiction is entirely reasonable. Defendant voluntarily chose to initiate the communications giving rise to this action. Defendant now asks this Court to hold that it may intentionally send telemarketing text messages into another state yet avoid answering for those communications there simply because it allegedly believed the recipient was someone else. Due process does not permit such a result. Tennessee has a substantial interest in protecting its residents from unlawful telemarketing communications and providing a forum for redressing injuries that occur within its borders. Plaintiff likewise has a significant interest in obtaining relief in the state where she lives and where the alleged invasion of privacy occurred. Any burden on Defendant is minimal compared to these interests, particularly where modern litigation routinely requires parties to litigate across state lines.

As another Court found in a TCPA case, "[Tennessee] has an interest in ensuring that its residents have adequate recourse for harms inflicted by nonresidents." *Ayers v. Receivables Performance Mgmt., L.L.C.,* 2016 U.S. Dist. LEXIS 132875, *7-8 (E.D. Mi. 2016). Likewise, Tennessee has compelling interests in enforcing contracts its residents enter and in protecting its consumers from deceptive business practices. *See Third Nat. Bank in Nashville v. WEDGE Grp. Inc.,* 882 F.2d 1087, 1092 (6th Cir. 1989) ("Tennessee has interests in resolving this case, not the least of which is to provide a forum for the adjudication of a dispute between a resident and a

13

nonresident that has purposefully availed itself of acting in and causing consequences in Tennessee"). Those same considerations compel the exercise of jurisdiction here. Defendant voluntarily chose to initiate the telemarketing text messages that gave rise to this action, and Plaintiff received and read those messages while physically present in Tennessee. Tennessee has a substantial interest in protecting its residents from unlawful telemarketing communications and providing a forum in which they may seek redress for injuries occurring within its borders. Plaintiff likewise has a strong interest in obtaining relief in her home state, where the alleged invasion of privacy occurred. Defendant identifies no unique burden that would render litigation in Tennessee fundamentally unfair. Accordingly, Defendant cannot overcome the presumption that exercising jurisdiction is reasonable.

Where the first two elements of the specific jurisdiction test are satisfied, the exercise of jurisdiction over the non-resident defendant is presumed to be reasonable. *Vlach v. Yaple*, 670 F.Supp.2d 644, 649 (N.D. Ohio 2009) *citing Third Nat 'l Bank v. WEDGE Group Inc.*, 882 F.2d 1087, 1092 (6th Cir. 1989). "Only in unusual circumstances is the third element left unsatisfied, and the burden is on the defendant to show it." *Id.* (citation omitted.) Defendant has not shown that it would be unreasonably burdened by litigating in this forum where its unsolicited contact triggered a TCPA claim. Any burden imposed on Defendant is outweighed by Tennessee's substantial interest in protecting its residents from unlawful telemarketing and Plaintiff's corresponding interest in obtaining relief where the injury occurred.

## CONCLUSION

Defendant intentionally transmitted the unsolicited telemarketing text messages that form the basis of this lawsuit to Plaintiff while she was residing in Tennessee. Plaintiff's Declaration establishes that she received and read those messages in Tennessee, had no prior relationship

14

with Defendant, never consented to receive its telemarketing messages, and has never lived in Ohio. At this stage, those facts must be accepted as true and all factual disputes resolved in Plaintiff's favor. To the extent the Court concludes that any conflict between Plaintiff's Declaration and the Tissot Affidavit is not resolved by that standard alone, Plaintiff respectfully requests that the Court permit jurisdictional discovery or conduct an evidentiary hearing pursuant before resolving any such conflict against Plaintiff on the papers.

Because Defendant purposefully directed the conduct giving rise to Plaintiff's TCPA claims into Tennessee, because those claims arise directly from Defendant's Tennessee contacts, and because the exercise of jurisdiction fully comports with traditional notions of fair play and substantial justice, Defendant's Motion to Dismiss should be denied in its entirety.


Respectfully submitted this 21st day, July of 2026,

/s/ Anthony I. Paronich
Anthony I. Paronich
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (508) 221-1510
anthony@paronichlaw.com
Attorney for Plaintiff

15