**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**

SHERI BUTLER BROCKINGTON, on
behalf of herself and others similarly situated,

Plaintiff,

v.

COUNTRYSIDE RENTALS, INC.

Defendant.

:
:
:
:
:
:
:
:
:
:
:
:
:

CIVIL ACTION FILE NO. 3:26-cv-00249-
KAC-DCP

/

---

## JOINT RULE 26(f) PLANNING REPORT

---

Pursuant to Local Rule 16.1 and this Court's Case Management Instructions, the parties conferred in compliance with Federal Rule of Civil Procedure 26(f) on July 16, 2026. Participating in the conference were Anthony Paronich, counsel for Plaintiff, and Rob Sparks, counsel for Defendant. The parties jointly file this Discovery Planning Report and state as follows:

1.      **Status, General Nature, and Issues of Case**

Plaintiff Sheri Butler Brockington ("Plaintiff") commenced this action on behalf of herself and a proposed nationwide class alleging that Defendant Countryside Rentals, Inc. violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, by sending telemarketing text messages to Plaintiff and other consumers whose residential or cellular telephone numbers were listed on the National Do Not Call Registry without the recipients' prior express invitation or permission. Plaintiff seeks statutory damages, injunctive relief, and certification of a class under Rule 23.

Defendant denies Plaintiff's allegations and denies any liability.

Defendant has filed a Motion to Dismiss for Lack of Personal Jurisdiction. Defendant contends that the Court does not have personal jurisdiction over it. Defendant also contends that the telephone number at issue belonged to a potential customer that initiated contact with Defendant and requested information about Defendant's products or services. The potential customer listed her local store as Defendant's Athens, Ohio, location.

Plaintiff opposes the Motion, contending that Defendant intentionally transmitted the text messages giving rise to this action directly into Tennessee, where Plaintiff resided and received each message, that Defendant purposefully directed the conduct underlying this action into this forum, and that factual disputes regarding jurisdiction cannot be resolved without discovery or an evidentiary hearing. Plaintiff has submitted a declaration establishing that she has resided in Tennessee for more than ten years, received each text message while physically present in Tennessee, never contacted Defendant, never consented to receive telemarketing messages from Defendant, and has no knowledge of the individual identified by Defendant as "Brittney."

The parties disagree regarding whether discovery should proceed in the ordinary course or whether discovery should initially be limited to issues Defendant characterizes as jurisdictional. Plaintiff believes the issues raised in Defendant's Motion to Dismiss substantially overlap with the merits of the case and that discovery should therefore proceed in the ordinary course..

**2.      Discovery Plan**

It is Defendant's position that the parties should limit discovery to matters necessary for Plaintiff to respond to Defendant's Motion to Dismiss. Defendant proposes the following: (1) a 90-day period of jurisdictional discovery; (2) Plaintiff's response in opposition to the Motion to Dismiss to be filed 14 days following the close of jurisdictional discovery; (3) Defendant's Reply in support of the Motion to Dismiss to be filed 14 days after Plaintiff's response; and, (4) if the

Court denies Defendant's Motion to Dismiss, that the parties confer and submit a Joint Discovery Plan within 14 days following the entry of the Court's order.

Plaintiff proposes the following:

(a) **Pre-Discovery Disclosures.** The parties will exchange by August 4, 2026, the information required by Fed. R. Civ. P. 26(a)(1).

(b) **Discovery and Case Management Schedule**

1. Completing all discovery: **June 11, 2027.**

2. Plaintiff's disclosure of all expert witnesses along with any written report prepared and signed by the witness pursuant to Rule 26(a)(2): **April 16, 2027.**

3. Defendant's disclosure of all expert witnesses along with any written report prepared and signed by the witness pursuant to Rule 26(a)(2): **May 14, 2027.**

4. Filing Plaintiff's motion for class certification: **June 18, 2027**

5. Filing all dispositive motions: **September 3, 2027**

6. Pretrial conference and other pretrial deadlines: TBD by Court.

**3. Trial Date**: The parties request a trial date in **December 2027** based on the availability of the Court.

**4. ESI**

The parties have conferred as to whether they will seek discovery of electronically stored information ("e-discovery" or "ESI"). The parties agree that discovery requests may require retrieval of electronically-stored information (ESI) from computers and other data storage devices, including electronic mail (e-mail). Should the parties be unable to agree on ESI issues at a later date, the parties will confer over the proper handling of the same and, if necessary, will seek court intervention as outlined by, and in compliance with, the Rules and any Order of this Court. By the

3

foregoing, the parties do not waive any objection to discovery requests, including objections on the grounds of undue burden or expense.

5.      **Electronic Service.** The parties agree to electronic service of pleadings, motions, discovery, and any other documents to be served in connection with this matter by service via e-mail.

6.      **Privilege or Protection of Trial Preparation Materials**: The parties agree that claims of privilege or of protection of trial preparation materials, including procedures to assert those claims after production, shall be governed by Rule 26. Further, the parties agree that if there is an inadvertent production of privileged or work-product protected documents, electronically stored information, or other information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. If the disclosing party inadvertently produces privileged or trial preparation material, the receiving party must return, sequester, or destroy all information and copies and may not further view, use, or disclose this information until the claim of privilege or protection as trial preparation material is resolved, so long as the disclosing party identifies the material mistakenly produced.

7.      **ADR.** The parties will engage in mediation no later than **August 2027** with a mediator that is mutually agreeable to the parties.

Respectfully submitted,

*/s/ Anthony I. Paronich*
Anthony I. Paronich
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

*Attorneys for Plaintiff*

4

*/s/ Adam F. Rust*
Rodney A. Fields, Esq. (BPR #14846)
e-mail: RFields@LewisThomason.com
Adam F. Rust, Esq. (BPR #27507)
e-mail: ARust@LewisThomason.com
LEWIS THOMASON, P.C.
900 S. Gay St., Ste. 300
P.O. Box 2425
Knoxville, TN 37901
(865) 546-4646

*/s/ Robert R. Sparks*
Robert R. Sparks, Esq.
(Motion for Pro Hac Admission Pending)
e-mail: rrsparks@strausstroy.com
STRAUSS TROY CO, LPA
150 E. 4th Street, 4th Floor
Cincinnati, OH 45202
(513) 621-2120

**Attorneys for Defendant**

19614237.1

5