| | | |
|---|---|---|
| SHERI BUTLER BROCKINGTON, on behalf of herself and others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | 3:26-CV-249-KAC-DCP |
| v. | ) ) | |
| COUNTRYSIDE RENTALS, INC.; | ) ) | |
| Defendant. | ) | |

## ORDER

This case is before the Court on the "Motion To Dismiss For Lack Of Personal Jurisdiction" [Doc. 13] under Federal Rule of Civil Procedure 12(b)(2) filed by Defendant Countryside Rentals, Inc. In the Motion [Doc. 13], Defendant relies on an affidavit to challenge the Court's personal jurisdiction [*See* Doc. 14-1]. In response, Plaintiff Sheri Butler Brockington maintains that the Court does have personal jurisdiction, relying on her own Declaration in support [*See* Doc. 15-1]. "To the extent the Court concludes that any conflict between Plaintiff's Declaration and the Tissot Affidavit [from Defendant] is not resolved," Plaintiff requests "that the Court permit jurisdictional discovery" before "resolving" any such conflict "against Plaintiff on the papers" [*See* Doc. 15 at 20].

Under the law, the Court "has discretion in how it resolves a 12(b)(2) motion." *See Malone v. Stanley Black & Decker, Inc.*, 965 F.3d 499, 505 (6th Cir. 2020). The Court may (1) "determine the motion on the basis of affidavits alone;" (2) "permit discovery in aid of the motion;" or (3) "conduct an evidentiary hearing on the merits of the motion." *Id.* (cleaned up). Here, it is prudent to permit jurisdictional discovery to assess the truth of this Court's jurisdiction. But discovery must be limited to "the jurisdictional issue" and cannot become a fishing

expedition. *See* 5B Wright, A. Miller & A. Spencer, Federal Practice and Procedure § 1351 (4th ed. 2026) (citing *Second Amend. Found. v. U.S. Conf. of Mayors*, 274 F.3d 521, 525 (D.C. Cir. 2001) ("[A] plaintiff faced with a motion to dismiss for lack of personal jurisdiction is entitled to reasonable discovery." (cleaned up))).

Accordingly, the Parties **MAY** engage in reasonable and proportional discovery limited to the issue of personal jurisdiction over Defendant. That discovery **MUST** conclude by **September 1, 2026**. The Court **HOLDS IN ABEYANCE** Defendant's Motion to Dismiss [Doc. 13]. Each Party **MUST** file a supplement by **September 15, 2026** explaining the impact of the jurisdictional discovery on their respective positions regarding Defendant's Motion to Dismiss [Doc. 13]. No supplement may exceed seven (7) pages in length, excluding any exhibits.

SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge

2